FILED
18 JUN -6 PM 3:13
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ AD
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNILOC USA INC. AND UNILOC LUXEMBOURG, S.A., | § § § | |
| PLAINTIFFS, | § § | |
| V. | § | CAUSE NO. 1:17-CV-754-LY |
| BOX, INC., | § § § | |
| DEFENDANT. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court in the above-styled and numbered cause are Defendant Box, Inc.'s Motion to Transfer Venue to the Northern District of California filed October 19, 2017 (Dkt. No. 20), Plaintiffs' Opposition to Defendant Box Inc.'s Motion to Transfer Venue to the Northern District of California filed October 26, 2017 (Dkt. No. 22), Defendant Box, Inc.'s Reply in Support of its Motion to Transfer Venue to the Northern District of California filed December 6, 2017 (Dkt. No. 32), and Defendant Box, Inc.'s Notice of Decision Regarding its Motion to Transfer Venue to the Northern District of California filed December 13, 2017 (Dkt. No. 33). Having considered the motion, response, reply, notice, and the applicable law, the court will grant the motion to transfer for the reasons that follow.

### I.   BACKGROUND

This case is a refiling of a case filed by Uniloc USA, Inc. and Uniloc Luxemborg, S.A. ("Uniloc") against Box, Inc. ("Box") in the United States District Court for the Eastern District of Texas in August 2016. *See Uniloc USA, Inc. v. Box Inc.*, No. 2:16-CV-860 (E.D. Tex. filed Aug. 2, 2016); *Uniloc USA, Inc. v. ADP, LLC*, No. 2:16-CV-741 (E.D. Tex.) (consolidated case in which claims against Box were litigated). Uniloc voluntarily dismissed its claims against Box

on August 11, 2017. On that same day, Uniloc filed suit against Box in the Western District of Texas ("Western Texas") alleging patent infringement of U.S. Patent No. 6,110,228 ("the '228 Patent"). Box seeks to transfer this case to the Northern District of California ("Northern California"), where it is headquartered and where the allegedly infringing product is sold.

## II.    LEGAL STANDARD

Transfer is appropriate "[f]or the convenience of the parties and witnesses, in the interest of justice" to any district "where [the suit] might have been brought." 28 U.S.C. § 1404(a).[1] A civil action for patent infringement "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). The preliminary question for transfer under section 1404(a) is whether this case "might have been brought" in the venue sought by Box in its motion to transfer—that is, in Northern California. *See In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (applying *In re Volkswagen of Am., Inc. ("Volkswagen II")*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc)).[2]

Under the first clause of Section 1400(b), venue is proper in the district where the defendant "resides," which the Supreme Court interpreted to mean "only [in] the State of incorporation." *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, ___ U.S. ___, 137 S. Ct. 1514, 1521 (2017); *In re BigCommerce, Inc.*, No. 2018-120, 2018 WL 2207265, at *1 (Fed. Cir. May 15, 2018). Because Box is incorporated in Delaware, venue would not be proper in

---

[1] Box concedes in its motion to transfer that "venue is admittedly proper" in Western Texas.

[2] Federal Circuit law determines whether venue is proper under Section 1400(b). *See In re ZTE (USA) Inc.*, No. 2018-113, 2018 WL 2187782, at *2 (Fed. Cir. May 14, 2018). Fifth Circuit law determines whether a transfer is proper under Section 1404(a). *See Winner Int'l Royalty Corp. v. Wang*, 202 F.3d 1340, 1352 (Fed. Cir. 2000) (noting that Section 1404(a) is "governed by the law of the regional circuit in which it sits."). Nonetheless, the Federal Circuit's application of Fifth Circuit law to patent-specific transfers is persuasive when applied to the facts of this case.

Northern California under the "resides" clause of Section 1400(b). Venue may nonetheless be proper under the second clause of Section 1400(b) "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *see also In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Venue is proper in Northern California under the second clause of Section 1400(b) because Box sells the accused products in Northern California and maintains its headquarters in Northern California.[3] The question before the court is whether a transfer is appropriate based on "the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

When considering a motion to transfer under Section 1404(a), this court considers a number of private and public-interest factors, none of which are of dispositive weight. *See In re Volkswagen AG ("Volkswagen I")*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam) (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n.6 (1981)).[4] The private-interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public-interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

---

[3] Uniloc concedes in its briefing that venue is proper in the Northern District of California under Section 1400(b).

### III. PRIVATE-INTEREST FACTORS

#### 1. Relative Ease of Access to Sources of Proof

The court first considers the parties' relative ease of access to sources of proof. Box argues that the majority of relevant evidence and witnesses related to the alleged patent infringement are located in Northern California. Box maintains its headquarters in Northern California, developed the accused product there, and manages all of its operations from there. All of Box's relevant hard-copy documents are stored in Northern California and electronic documents are stored on servers located there, including evidence such as its highly sensitive source code of the accused product. In addition, three members of the technical team responsible for overseeing the initial development, functionality, and user experience also reside in Northern California. Uniloc's sources of proof and documents, on the other hand, are physically located in the Eastern District of Texas, much closer to this division than to Northern California.

The alleged infringer typically produces the bulk of the evidence, and "the place where the defendant's documents are kept weighs in favor of transfer to that location." *Genentech*, 566 F.3d at 1345 (applying Fifth Circuit law). According to Box, in the Eastern District of Texas litigation over the '228 patent, Uniloc produced "21 documents totaling roughly 1,500 pages, almost all of which consisted of the publicly-available patents-in-suit and their file histories whereas Box produced nearly 1,900 documents totaling over 24,000 pages, in addition to its source code (which Uniloc reviewed in [Northern California])." Uniloc avers that Box previously produced its 1,900 documents electronically, and that Box could just as easily produce the documents in Western Texas. This makes logical sense in an electronic era—and would apply equally to Uniloc's documents—but despite advances in technology and mandatory electronic filing, courts continue to "analyze the distance documents must be transported from

4

their physical location to the trial venue, acting under the assumption that electronically stored documents are, in fact, physical." *Uniloc USA, Inc. v. Chief Architect, Inc.*, No. 6:15-CV-1003-RWS-KNM, 2016 WL 9229319, at *2 (E.D. Tex. Dec. 2, 2016).

Uniloc also claims that it has no facility in Northern California at which it could download its documents. This seems implausible, as Uniloc is in the midst of litigating at least two suits in Northern California—one of which alleges infringement of the '228 patent at issue in this case. *See e.g., Nutanix, Inc. v. Uniloc USA, Inc*, No. 4:17-CV-03181-JSW (N.D. Cal.) (alleging infringement of the '228 patent); *Uniloc USA, Inc. v. Logitech, Inc.*, No. 3:17-CV-06733-JSC (N.D. Cal) (suit filed by Uniloc in Northern California); *Uniloc Luxembourg, S.A. v. Broderick*, No. 4:15-CV-00706-RC, Dkt. Nos. 16 & 21 (request and transfer to the Central District of California).

The Federal Circuit's prediction in *Genentech* that the alleged infringer will typically produce more evidence was true in litigation over the '228 patent in the Eastern District of Texas—Box produced far more evidence than Uniloc. *See* 566 F.3d at 1345. Box's sources of proof, including paper documents, electronic documents, and human witnesses are all located in Northern California. On balance, it would be more inconvenient for Box to litigate in this district than for Uniloc to litigate in Northern California. When considering the relative ease of access to proof, this factor favors transfer.

### 2. Availability of Compulsory Process to Secure Attendance of Witnesses

Under Federal Rule of Civil Procedure 45, this court may not enforce a subpoena on a non-party witness outside the state of Texas. *See* Fed. R. Civ. P. 45(c)(1). Box designed, developed, and commercialized the accused product at its headquarters in Northern California, and all former employees of Box who designed and developed the accused product live in

5

Northern California. Uniloc executives also reside in California. Testimony from these witnesses would be relevant, and Northern California has absolute power to subpoena these witnesses under Rule 45, while Western Texas does not. *See* Fed. R. Civ. P. 45(c)(1); *see also Volkswagen II*, 545 F.3d at 316. It is of no consequence that Box does not know whether these witnesses will require the use of the court's subpoena power. The focus of this factor is not whether a witness *may* become an unwilling witness, or whether a court *may* need to invoke its subpoena power; rather, the focus is on the *availability* of process to secure attendance of a witness if need be. *See Volkswagen II*, 545 F.3d at 316 ("[T]he venue transfer analysis is concerned with convenience, and that a district court can deny any motions to quash does not address concerns regarding the convenience of parties and witnesses."). Because the majority of key witnesses are within the absolute subpoena power of Northern California, this factor weighs in favor of transfer.

### 3. Convenience and Cost for Willing Witnesses

"The convenience of the witnesses" is the "the single most important factor in transfer analysis." *Genentech*, 566 F.3d at 1343 (internal citation and punctuation omitted). It is an "obvious conclusion that it is more convenient for witnesses to testify at home and that . . . additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment, family, and community." *Volkswagen II*, 545 F.3d at 317 (internal citation and punctuation omitted).

Box points to specific witnesses with highly relevant testimony that it intends to rely on in proving its case; all of these witnesses reside in Northern California. Box agrees that known Box witnesses or third party witnesses are located in Texas, no Uniloc witness is located in

6

Western Texas, and a number of high-ranking Uniloc officials reside in California. In contrast, Uniloc vaguely points to several witnesses at the Austin Box office that have relevant information, but not with specificity—most of these employees had no involvement with the accused product, nor did they have specific knowledge about design, development, marketing, or sales that would be relevant to this case. Because "most witnesses and evidence [are] closer to the transferee venue," this factor weighs in favor of transfer. *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) (applying Fifth Circuit law).

### 4. Other Practical Problems

In considering a transfer, this court must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive," a consideration that weighs towards transfer in this case. *Volkswagen I*, 371 F.3d at 203.

"[M]ultiple suits involving the same or similar issues may create practical problems that will weigh in favor of or against transfer." *Uniloc USA, Inc. v. Chief Architect, Inc.*, 2016 WL 9229319, at *5 (citing *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009)). This factor is important in some cases, where, for example, "the trial court became very familiar with the only asserted patent and the related technology during a prior litigation" or where "there is co-pending litigation before the trial court involving the same patent and underlying technology." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010) (applying Fifth Circuit law). But considerations of judicial economy and the existence of co-pending litigation are not dispositive in the transfer analysis. *See In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *2 (Fed. Cir. Feb. 23, 2017).

However, Uniloc is currently litigating the validity of the only patent asserted in this case, the '228 patent, in Northern California. *See Nutanix, Inc. v. Uniloc USA, Inc.*, No. 4:17-cv-

03181-JSW (N.D. Cal.). Uniloc successfully argued in the Eastern District of Texas that parallel actions involving the same patent "weighs heavily" in the transfer analysis. *Uniloc USA, Inc. v. Chief Architect, Inc.*, 2016 WL 9229319, at *6. The parallel California action between Nutanix and Uniloc is fully briefed. A parallel action involving the same patent weighs heavily in the transfer analysis. Though this factor is not dispositive, judicial economy favors having the validity of the same patent considered by one judge, and this factor favors transfer.

### IV. PUBLIC-INTEREST FACTORS

Box argues that court congestion, familiarity with governing law, and avoidance of conflict of law are neutral in a patent case such as this one. Uniloc largely agrees, but contends that court congestion is also at issue.

#### 1. Court Congestion

Uniloc points the court to June 2017 statistics which show that the time from filing to trial in civil cases in this district is 20.8 months, as compared to the time from filing to trial in civil cases in Northern California, which is 26.1 months. Patent cases, however, move more quickly than other civil cases, and the average time to trial in Northern California is marginally faster than in Western Texas. This factor weighs against transfer, but only slightly.

#### 2. Local Interest

This factor is neutral. Northern California has an interest in the case, because Box is headquartered in the district, the product was developed there, witnesses reside there, and Box continues to sell the accused product in that market. *See e.g., Wireless Recognition Techs. LLC v. A9.com, Inc.*, Nos. 2:10-CV-364, -365, -577, -578, 2012 WL 506669, at *6 (E.D. Tex. Feb. 15, 2012) (finding local interest factor weighs in favor of transfer when defendants are headquartered, develop the accused products, and employ a large number of people in the

transferee venue). On the other hand, Uniloc is a Texas corporation, Box has an office in Texas, and Texas "has a significant interest in preventing patent infringement within its borders and in protecting the patent rights of its citizens." *GSK Techs., Inc. v. Schneider Elec., S.A.*, No. 6:06-CV-361, 2007 WL 788343, at *4 (E.D. Tex. Mar. 14, 2007). But both Texas and California have an interest in preventing patent infringement, and Texas and California also have an interest in preventing violations of the law by corporations headquartered within their borders. On balance, this factor is neutral.

V. CONCLUSION

A movant seeking to transfer bears the evidentiary burden of establishing that the desired forum is more convenient than the forum where the plaintiff filed the case. *See Nintendo*, 589 F.3d at 1197; *Genentech*, 566 F.3d at 1342. Box has met its burden of showing that the Northern California is the more convenient forum. All four private factors weigh in favor of transfer, one public-interest factor weighs against transfer, and three public-interest factors are neutral. Accordingly,

**IT IS ORDERED** that Defendant Box, Inc.'s Motion to Transfer Venue to the Northern District of California filed October 19, 2017 (Dkt. No. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-styled cause is **TRANSFERRED** to the United States District Court for the Northern District of California.

SIGNED this \_\_6th\_\_ day of June, 2018.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE